# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No.  **5:23-cv-02078-FWS (DTB)**                    Date: **February 5, 2024**

Title: **Gabriel Ralphie Menchaca v. Pfieffer**

================================================================

**DOCKET ENTRY**

================================================================

PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| S. Lorenzo | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:          ATTORNEYS PRESENT FOR DEFENDANT(S):
None present                                                      None present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY FIRST AMENDED PETITION SHOULD NOT BE DISMISSED DUE TO FAILURE TO EXHUAST AND UNTIMELINESS**

On October 5, 2023, petitioner Gabriel Ralphie Menchaca filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2241 which the Court reclassified as a § 2254 petition since petitioner appeared to be in state custody pursuant to a state court conviction.  (Dkt. # 1.)  Petitioner failed to pay any portion of his entire filing fee or file a Request to Proceed in Forma Pauperis. Petitioner was informed that if he was unable to pay the entire filing fee, he must sign and complete a Request to Proceed Without Prepayment of Filing Fees with Declaration in Support ("IFP Request") and that if he failed to do so within thirty days, this matter may be dismissed.  (Dkt. # 2.)

Rather than paying the filing fee or completing an IFP Request, on October 30, 2023, petitioner filed a "Motion for Writ of Mandamus; and Objections to Court's Local Practice of Charging Fee(s) Obligation for Petition Under 28 U.S.C. § 2241(c)(3) for Writ of Habeas Corpus" (Dkt. # 5) which the previously assigned Magistrate Judge denied on November 17, 2023.  (Dkt. # 6.)  The previously assigned Magistrate Judge ordered petitioner to either file an IFP Request (form (CV-60P)) or pay the requisite filing fee by December 29, 2023, and that his failure to timely and adequately comply with the Court's Orders may result in dismissal of this action.  (Id.)  On December 8, 2023, petitioner filed a Motion to Amend

MINUTES FORM 11                                              Initials of Deputy Clerk   SL
CIVIL-GEN

Petition (Dkt. # 8) and a First Amended Petition ("FAP") (Dkt. # 9). On December 18, 2023, the Court denied petitioner's Motion to Amend Petition as moot, as he had filed the FAP. (Dkt. # 10.) The Court also reminded petitioner that he must comply with the Court's previous Orders.

Petitioner has failed to file an IFP Request or pay the requisite filing fee by December 29, 2023, and thus, as petitioner was previously notified, the FAP is subject to dismissal.

In addition, the Court has reviewed the FAP and it appears that the FAP is subject to dismissal on the additional grounds that petitioner has not exhausted his state remedies with respect to the grounds raised in his FAP, and also that the FAP may be time-barred. The Court will not make a final determination regarding whether the FAP should be dismissed, however, without giving petitioner an opportunity to address these issues.

Accordingly, the Court hereby issues this Order to Show Cause why the FAP should not be dismissed, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than March 7, 2024. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the FAP appears to be subject to dismissal and may assist petitioner in determining how to respond.

### Payment of Filing Fee/Request to Proceed in Forma Pauperis

Petitioner has previously argued that he is excused from paying any filing fee for the current action on the basis that a habeas petition is exempt from such fees. (See, generally, Motion for Writ of Mandamus [Dkt. # 5].) However, petitioner is mistaken. As the Court previously informed petitioner in its Order dated November 17, 2023, federal law requires either the payment of the filing fee or an IFP Request accompanied by the affidavit required by 28 U.S.C. § 1915 and a certificate from the responsible institutional official confirming petitioner's financial resources. (See Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts.)

Petitioner has failed to comply with the Court's previous Order regarding payment of the filing fee, notwithstanding ample authority confirming the requirement regarding the filing fee and empowering courts in this Circuit to dismiss habeas petitions for failure to comply with a court order concerning submission of the fee or an IFP Request. (See, e.g., Page v. Torrey, 201 F.3d 1136, 1139 (9th Cir. 2000); Culler v. Board of Prison Terms, 405 F.App'x 263, 264 (9th Cir. 2010).[1]

---

[1] To the extent petitioner contends that his FAP is governed by 28 U.S.C. § 2241, he is incorrect. When a state prisoner is in custody pursuant to a state court judgment, 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petitioner. (White v. Lambert, 370 F.3d 1002, 1009.10 (9th Cir. 2004), overruled on other grounds by Hayward v. Marshall, 603 F.3d 549 (9th Cir. 2010) (en banc). Notwithstanding petitioner's contention to the contrary, he is

## The Exhaustion Requirement

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

Here, petitioner has raised five purported grounds for relief in his FAP: (1) The state court lacked jurisdiction; (2) petitioner was denied the right to confront witnesses; (3) the state court refused to prove its jurisdiction; (4) double jeopardy; and (5) intentional misrepresentation. The FAP indicates that none of the grounds contained therein have been presented to the California Supreme Court and, thus, none of these grounds have yet been exhausted. In the FAP, petitioner concedes he has not raised any of the five grounds raised therein on post-conviction review or other collateral review to the California Courts of Appeal, including the Supreme Court, but appears to argue that such would be futile, stating "I was denied constitutional rights that the state refused me and to challenge such in a state court would result in no useful remedy, it'd be a morass." (FAP at 3.) Petitioner also asserts that "[t]he state Supreme Court will NOT (sic) entertain federal constitutional clams." (FAP at 7.)

Notwithstanding petitioner's belief to the contrary, as set forth above, he is required to exhaust his available state court remedies before seeking federal habeas relief. (28 U.S.C. § 2254(b)(1)(A); O'Sullivan, 526 U.S. at 842.) As noted above, in either case, this generally means presenting the claims to the California Supreme

---

challenging his state court judgment of conviction, as such judgment is the basis for his present incarceration. In the FAP, petitioner challenges his custody on various grounds and asserts, *inter alia*, that his current custodial status is the result of his guilty plea in 2020 in Case No. RIF 2003059 in Riverside County Superior Court. (FAP at 2.) Accordingly, petitioner appears to be in state custody as the result of a state court judgment of conviction and, thus, the Court construes the Petition and FAP pursuant to 28 U.S.C. § 2254.

MINUTES FORM 11                                                          Initials of Deputy Clerk   SL
CIVIL-GEN

Court for consideration before seeking federal habeas relief. <u>Gatlin</u>, 189 F.3d at 888.

As the claims contained in the FAP appear to be completely unexhausted, the FAP is subject to dismissal.

## **Statute of Limitations**

In addition to the lack of exhaustion of state remedies, it also appears that the FAP is subject to dismissal on the basis that it is untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); <u>see</u> also <u>Lawrence v. Florida</u>, 549 U.S. 327, 329, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007); <u>Laws v. Lamarque</u>, 351 F.3d 919, 921 (9th Cir. 2003). After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." <u>Lott v. Mueller</u>, 304 F.3d 918, 922 (9th Cir. 2002).

To assess whether a petition is timely filed under the AEDPA, it is essential to determine when the AEDPA's limitation period starts and ends. By statute, the AEDPA's limitation period begins to run from the latest of four possible events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Ordinarily, the starting date of the limitation period is the date on which the judgment becomes final after the conclusion of direct review or the expiration of the period for seeking direct review. <u>See</u> <u>Wixom v. Washington</u>, 264 F.3d 894, 897 (9th Cir. 2001).

Here, petitioner challenges his current state incarceration, which arises out of a 2020 judgment of conviction based on his guilty plea (FAP at 2) in Riverside Superior Court Case No. RIF2003059 on October 20, 2020.[2] According to the Riverside County Superior Court's website, petitioner was sentenced on November 3, 2020.

---

2 https://public-access.riverside.courts.ca.gov/OpenAccess/CriminalMainMenu.asp

For purposes of calculating the limitations period under 28 U.S.C. §2244(d)(1)(A), the date upon which "judgment became final" is the date of sentencing. See Burton v. Stewart, 549 U.S. 147, 156-57 (2007) (holding that petitioner's sentence became final at conclusion of state court resentencing process). As petitioner asserts he did not file an appeal of his conviction, under California law, his judgment of conviction became final 60 days after the date judgment was entered, which is the date of his sentencing. See Cal. Rules of Court 8.308(a) (stating that a notice of appeal of a felony conviction must be filed within 60 days following the entry of judgment.) The AEDPA may also allow for statutory tolling or equitable tolling. Jorss v. Gomez, 311 F.3d 1189, 1192 (9th Cir. 2002). But "a court must first determine whether a petition was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied." Id. In addition, the Ninth Circuit has held that actual, factual innocence provides an exception to the AEDPA statute of limitations. Lee v. Lampert, 653 F.3d 929, 934-35 (9th Cir. 2011) (en banc).

As petitioner indicates he did not appeal or otherwise file a petition for review in the California Supreme Court, it appears from the face of the FAP as well as the Petition that judgment became final on January 2, 2021, 60 days after the date petitioner was sentenced.

Accordingly, the period in which petitioner could file his federal habeas petition pursuant to the AEDPA expired on January 3, 2022, one year later. As the Petition was not filed until October 5, 2023, it is untimely by one year and approximately nine months, absent any applicable tolling.

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period. Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010). Here, from the face of the FAP, it does not appear that petitioner is entitled to statutory tolling because he alleges that he did not challenge his conviction either directly or collaterally prior to January 3, 2022, when the statute of limitations in petitioner's case expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (§ 2244(d) does not permit the reinitiation of the limitations period that ended before a state petition is filed).

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if petitioner can demonstrate both that: (1) He has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010). It is a petitioner's burden to demonstrate that he is entitled to equitable tolling. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.

2002). Here, it does not appear from the face of the FAP that petitioner has a basis for equitable tolling, or that he has met his burden of demonstrating such.

Finally, in rare and extraordinary cases, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the statute of limitations otherwise applicable to federal habeas petitions. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). "[A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995). In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." Lee, 653 F.3d at 938 (internal quotations omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)). On this record, the Court "must make a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329). Unexplained or unjustified delay in presenting new evidence is a "factor in determining whether actual innocence has been reliably shown." Perkins, 133 S.Ct. at 1928, 1935; Schlup, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence].")). Here, petitioner has not submitted new, reliable evidence to cast doubt on his conviction to permit the Court to consider his apparently otherwise time-barred claims.

For the reasons discussed above, absent a basis for tolling, petitioner's habeas petition appears to be barred by the one-year limitations period under 28 U.S.C. § 2244(d)(1).

### Petitioner's Options Going Forward

The Ninth Circuit has stated that lower courts "'have no obligation to act as counsel or paralegal to pro se litigants.'" Ford v. Pliler, 590 F.3d 782, 787 (9th Cir. 2009) (quoting Pliler v. Ford, 542 U.S. 225, 231, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004)). But the Ninth Circuit has also recognized that courts may provide pro se litigants with "accurate instruction" before dismissing a "mixed" petition containing both exhausted and unexhausted claims. See id. at 786 ("The district court gave [the petitioner] accurate instruction before dismissing his mixed habeas petitions without prejudice. Pliler does not allow us to require anything more."). Petitioners with fully unexhausted petitions have some of the same options. See Mena v. Long, 813

F.3d 907, 912 (9th Cir. 2016); Henderson, 710 F.3d at 874. Accordingly, the Court presents petitioner with the following options:

**Option 1:**

If petitioner contends that he has, in fact, exhausted his state court remedies on the grounds raised in his FAP, he should clearly explain this in a written response to this Order to Show Cause. Further, if petitioner contends that in fact he does not currently have a petition pending for review that may moot his FAP, he should also clearly explain in a written response. The written response must be filed on or before **March 7, 2024**. Petitioner should attach to his response copies of any documents establishing that grounds One through Five are indeed exhausted, and that he does not have a matter pending before the California Supreme Court. (Petitioner may also file a response, and include a notice that, if the Court still finds the FAP to be unexhausted, he alternatively selects one of the other options discussed below.)

**Option 2:**

Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The Court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**Option 3:**

If petitioner contends that some of his claims are unexhausted but some are not, petitioner may request a voluntary dismissal of only the unexhausted claims and elect to proceed on only his exhausted claims. **Petitioner may also use the attached Notice of Dismissal form in order to select this option**. The Court advises petitioner, however, that if petitioner elects to proceed now with only certain claims, any future habeas petition containing the dismissed grounds for relief or other claims that could have been raised in the instant petition may be rejected as successive (or may be time-barred).

**Option 4:**

Pursuant to Rhines v. Weber, 544 U.S. 269, 277-78, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), and Mena v. Long, 813 F.3d at 910-12, petitioner may ask the Court to stay all of the claims in the FAP while petitioner returns to the state courts to exhaust his already pled but unexhausted claims. To obtain a stay of this case

pursuant to Rhines or Mena, petitioner is required to: (a) Show good cause for his failure to exhaust the grounds raised in the FAP in state Court earlier; and (b) show that all grounds are not "plainly meritless." See id. at 277. (Petitioner also may request a Rhines stay, and include a notice that, if the court denies the Rhines stay, he alternatively selects one of the other options.)

**Option 5:**

If petitioner contends some of his claims are unexhausted but some are not, pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), petitioner may dismiss his unexhausted claims and ask the Court to stay his remaining, fully exhausted claims while he returns to the state courts to exhaust his dismissed claims. The Court advises petitioner, however, that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely. And demonstrating timeliness will often be problematic under the now-applicable legal principles." King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, a petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition. Mayle v. Felix, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). (Petitioner also may request a Kelly stay, and include a notice that, if the Court denies the Kelly stay, he alternatively selects one of the other options.)

**Caution**

Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court may recommend that his FAP be dismissed. Accordingly, as noted above, petitioner may select options in the alternative.

In sum, in order to select Option 1, petitioner must file a response to this Order to Show Cause showing all grounds are exhausted and/or timely, and that he does not have a petition currently pending review before a state court. In order to select Options 2 or 3, petitioner may file the attached Notice of Dismissal form and fill it out according to his choice. In order to select Options 4 or 5, petitioner must file a written response requesting a stay pursuant to either Rhines or Kelly. With Options 1, 4, or 5, petitioner may select an alternative option in the event the Court finds certain claims unexhausted and/or denies the request for a stay. Whichever option petitioner selects, petitioner must file and serve the responding document clearly stating the option selected **no later than March 7, 2024**.

MINUTES FORM 11                                                    Initials of Deputy Clerk   SL
CIVIL-GEN

**The Court warns petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed without prejudice for failure to exhaust state remedies, for failure to prosecute, and/or for failure to obey court orders.**